IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Julio Najera, individually and on behalf of all others similarly situated, § § § § Plaintiff, § § Civil Action No. 2:22-cv-00074 v. § § JURY TRIAL DEMANDED Bull Horn, Inc., § § COLLECTIVE ACTION § Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Julio Najera ("Najera" or "Plaintiff"), individually and on behalf of all other similarly situated employees, files this Complaint against Bull Horn, Inc. ("Bull Horn" or "Defendant"), showing in support as follows:

## I.  NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendants' failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant.

2. Pursuant to 29 U.S.C. § 216(b), Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former oilfield truck driver employees who worked for Defendant and who like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven-day workweek for the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. This civil action is also brought as a Rule 23 class action under the New Mexico Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-20 – 50-4-30 ("NMMWA") for Defendant's failure to pay Plaintiff and similarly situated class members time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant.

4. Plaintiff and the Class/Collective Action Members seek all damages available under the FLSA and NMMWA, including back wages, liquidated damages, legal fees, costs, and pre- and post-judgment interest.

## II.   THE PARTIES

### A.   Plaintiff Julio Najera

5. Plaintiff is an individual residing in Chaves County, New Mexico. Plaintiff has standing to file this lawsuit.

6. Plaintiff began working for Defendant on or about August 2016. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about April 2020.

7. Plaintiff was paid a weekly salary of approximately $800.

8. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B.   Collective Action Members

9. The putative Collective Action Members are all current and/or former oilfield truck driver employees who worked for Defendant in New Mexico and who, like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven-day workweek for the time period of three years preceding the date this lawsuit was filed and forward.

10. Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

### C. Class Action Members

11. Plaintiff seeks to certify a Rule 23 class action on behalf of all oilfield truck driver employees in the state of New Mexico who worked for Defendant and who, like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven-day workweek

12. Plaintiff can satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure to maintain a class action with respect to the putative Class Action Members' claims.

13. The relevant time period for the claims of the putative Class Action Members is the date that the alleged violation began to occur and forward.

### D. Defendant Bull Horn, Inc.

14. Defendant is a corporation organized under the laws of the State of New Mexico.

15. During all times relevant to this lawsuit, Defendant has done business in the State of New Mexico.

16. Defendant's principal place of business, as listed with the New Mexico Secretary of State is 2702 Sydney Ave, Roswell, NM 88201.

17. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

18. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

19. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

20. Defendant employed two or more employees who regularly engaged in commerce in their daily work.

21. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

22. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

23. Defendant may be served with summons through its registered agent Melvin L. Salcido; 2702 Sydney Ave., Roswell, NM 88201.

### III.   JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

25. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

26. The United States District Court of New Mexico has personal jurisdiction over Defendants because Defendants do business in New Mexico and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in New Mexico and in this District.

27. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

### IV.   FACTUAL BACKGROUND

28. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

29. Plaintiff was employed by Defendant as a CDL truck driver in connection with its oilfield services company. His primary job duties involve driving large trucks containing water or oil.

30. At material times, Defendant paid Plaintiff his salary irrespective of whether Plaintiff had already worked forty (40) hours in a workweek.

31. Plaintiff frequently worked over forty (40) hours in a seven day workweek. Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over forty (40) during each and every workweek.

32. During times relevant, Defendant employs/employed numerous other employees in connection with its oilfield services business operations who are/were similarly situated to Plaintiff. Those employees are/were also paid on an hourly basis, routinely work/worked in excess of forty (40) hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) in each and every workweek.

33. During times relevant, Defendant employs/employed numerous other employees in connection with its oilfield services operations who are/were similarly situated to Plaintiff. Those employees are/were also paid on an hourly basis, routinely work/worked in excess of forty (40) hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) in each and every workweek.

### V.   FLSA CLAIMS FOR OVERTIME PAY

34. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

35. All conditions precedent to this suit, if any, have been fulfilled.

36. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

37. At all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

38. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e)

39. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

40. Plaintiff and putative Collective Action Members are/were paid on a salary basis by Defendant.

41. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

42. Plaintiff and putative Collective Action Members are/were not paid for all compensable hours of work when they worked for Defendant.

43. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

44. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

45. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

46. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

47. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

48. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.    COLLECTIVE ACTION CLAIMS

49. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

50. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

51. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> all similarly situated current and former oilfield truck driver employees who worked for Defendant in New Mexico and who like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven-day workweek for the time period of three years preceding the date this lawsuit was filed and forward.

52. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid an hourly rate for some hours of work without receiving overtime premium pay for all hours worked over forty (40) in each seven-day workweek.

53. Plaintiff has personal knowledge that Defendant's policy to not pay for all compensable hours of work was not personal to him but affected the putative Collective Action Members.

54. The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

55. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendants' failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

56. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

57. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

58. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

59. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### VII.   NMMWA CLAIMS FOR OVERTIME PAY

60. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

61. At all times relevant to this lawsuit, Defendant has been an employer within the meaning of N.M. Stat. Ann. § 50-4-21(B).

62. At all times relevant to this lawsuit, Plaintiff was an employee of Defendant within the meaning of N.M. Stat. Ann. § 50-4-21(C).

63. The NMMWA requires payment of one and one-half times the employee's regular rate of pay for each hour worked over forty (40) hours per workweek (*see* N.M. Stat. Ann. § 50-4-22(D)).

64. As the result of the foregoing conduct, as alleged, Defendants failed to pay all wages due under the NMMWA by failing to pay all due and owing overtime wages to Plaintiff. This conduct violated the NMMWA.

65. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered from a loss of income and other damages.

66. Pursuant to N.M. Stat. Ann. § 50-4-32, Plaintiff is entitled to recover for all violations that occurred as part of Defendant's continued course of conduct regardless of the date on which they occurred.

67. Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. Stat. Ann. § 50-4-26(C)-(E), which authorizes a private cause of action for Plaintiff and the Class Members. Under that statute, Plaintiff and the Class Members are entitled to their unpaid wages, plus an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under New Mexico Law.

## VIII.   CLASS ACTION ALLEGATIONS (NMMWA)

68. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

69. Plaintiff brings his NMMWA claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

70. Plaintiff proposes an initial definition of the New Mexico Class Members as:

all similarly situated current and former oilfield truck driver employees who worked for Defendant in New Mexico and who like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven-day workweek.

71. Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

72. Plaintiff and the putative class action members were not exempt from the NMMWA.[1]

73. Numerosity (Fed. R. Civ. P. 23(a)(1)) – The New Mexico Class is so numerous that joinder is impracticable. On information and belief, the number of New Mexico Class Members exceeds forty (40).

74. Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the New Mexico Class, including but not limited to, the following:

   a. Whether Defendant maintained a policy or practice of failing to pay all due and owing overtime wages by failing to pay Plaintiff and the putative New Mexico

---

[1] Unlike the FLSA, the NMMWA does not have an exemption for employees who work for certain motor carriers – this includes interstate commerce drivers who operate vehicles with a gross vehicle weight rating over 10,000 pounds. *See McLeland v. 1845 Oil Field Servs.*, 97 F. Supp. 3d 855, 864 (W.D. Tex. 2015) (holding FLSA does not preempt the NMMWA's more stringent protections, which require that employers pay employees covered by the Motor Carrier Act overtime).

Class Members for all compensable hours of work, and by failing to pay hours worked over forty (40) in each seven (7) day workweek at the applicable overtime premium rate of time and one half the regular rate of pay, and;

b. The proper measure of damages sustained by the putative New Mexico Class.

75. <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative New Mexico Class. Plaintiff, like other New Mexico Class Members, was subject to Defendants' policies or practices of failing to pay all due and owing overtime wages by paying Plaintiff and the putative New Mexico Class Members a day rate and/or straight time hourly wages without overtime premium pay irrespective of their hours of work. Plaintiff's job duties and claims are typical of those of the putative New Mexico Class.

76. <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative New Mexico Class.

77. <u>Adequacy of Representation</u> (Fed R. Civ. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of employees seeking back overtime and minimum wages, and other wage and hour concerns. Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative New Mexico Class Members.

78. <u>Predominance and superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the New Mexico State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative New Mexico Class predominated over any questions affecting only individual members of the putative New Mexico Class, and because a class action is superior to other available methods for the fair and efficient

adjudication of this litigation. Defendants' common and uniform policies or practices unlawfully failed to compensate members of the putative New Mexico Class. The damages suffered by individual New Mexico Class Members are small compared to the expense and burden of individual prosecution of this action. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' policies or practices.

79. <u>Ascertainability</u> – The identity of the members of the New Mexico Class is readily ascertainable based on Defendant's records.

80. <u>Notice</u> (Fed. R. Civ. P. 23(c)(2)(B)) – Plaintiff intends to send notice of this lawsuit to all New Mexico Class Members to the extent provided by Rule 23.

## IX.   JURY DEMAND

81. Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members/Class Members on all issues.

## X.   DAMAGES AND PRAYER

82. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective/Class Action Members be awarded a judgment against Defendant for the following or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. An order certifying this case as a class action under Rule 23 for the New Mexico state law claims;

   c. All damages allowed by the FLSA and NMMWA, including back wages;

   d. Liquidated damages in an amount equal to FLSA-mandated back wages and/or NMMWA-mandated back wages;

   e. Legal fees, costs and expenses, as permitted under the FLSA and/or NMMWA;

  f. Pre- and Post-judgment interest, as permitted under the FLSA and/or NMMWA;

  g. All other relief to which Plaintiff and the putative Collective Action Members/Class Members may be justly entitled.

Dated: February 1, 2022      Respectfully submitted,

         By:   s/Melinda Arbuckle
            Melinda Arbuckle
            marbuckle@eeoc.net
            Ricardo J. Prieto
            rprieto@eeoc.net
            Shellist Lazarz Slobin LLP
            11 Greenway Plaza, Suite 1515
            Houston, TX 77046
            (713) 621-2277 – Telephone
            (713) 621-0993 – Facsimile

            COUNSEL FOR PLAINTIFF AND PUTATIVE CLASS AND COLLECTIVE ACTION MEMBERS